Banco Territorial y Agrícola de Puerto Rico, Appellant, v. Registrar of Property of Guayama, Respondent.

No. 837. Submitted March 30, 1931.—Decided March 17, 1932.

*H. Torres Solá* and *F. García Veve* for appellant. The registrar appeared by brief.

Mᴿ. Cʜɪᴇғ Jᴜsᴛɪᴄᴇ ᴅᴇʟ Tᴏʀᴏ delivered the opinion of the Court.

The Banco Territorial y Agrícola de Puerto Rico loaned $2,750 to Mrs. Fructuosa Garced. The transaction was embodied in a public deed in which it was stated that the said sum was set forth in a promissory note, which was transcribed, maturing on May 2, 1931, and subscribed by Mrs. Fructuosa Garced and also *in solidum* by Mr. Angel González. To secure this indebtedness Mrs. Garced executed a voluntary mortgage upon a certain rural property as follows:

"*Third:* That in order to secure to the said bank the payment of the amount of the transcribed promissory note or to any other holder or indorsee thereof and to secure also to the said bank or any indorsee, under any new note given by ·way of extension, substitution, or renewal of the original note, or by reason of any additional obligation contracted by the same debtor with the bank, or any holder under such extension, substitution, or renewal, including interest in case of default and an· additional sum of $200 for the payment of costs, expenses and attorney's fees in case of judicial claim, Mrs. Fructuosa Garced y Muñoz de Sariego executes a voluntary first mortgage in favor of said bank, or of any existing holder or holders, as aforesaid upon the rural property described in the first paragraph of this deed, which is extended to any other building .or future improvement upon the mortgage property, until the obligations which are contracted herein or may be contracted in the future by the debtor in accordance with the stipulations herein are fully paid and she is willing and consents to have the said deed recorded in the proper registry of property and to have the same remain so recorded until the obligation secured thereby is fully satisfied."

Upon presentation of the deed for record in the registry of property, the following decision was entered:

"The foregoing mortgage deed is recorded as regards the principal of the loan evidenced by the transcribed note and the additional amount for costs and attorney's fees, at folio 183, volume 37 of Cidra, property No. 1565, 2nd record; but the record is denied—and in lieu thereof a cautionary notice is entered for the statutory period in favor of the creditor bank, at the folio, volume, and record aforesaid— as regards the stipulations contained in paragraph 3 of the foregoing deed, beginning with that part thereof wherein security is purported to be given to the creditor bank, or to any indorsee of the mortgage note, or any other note issued in lieu thereof, by which stipulations the mortgage is extended not only to the mortgage note but to any new note replacing the original note by way of extension, substitution, or renewal, or to any additional indebtedness contracted in favor of the creditor by reason of such extension, substitution, or renewal, and interest in case of default, because such stipulations are void and contrary to law for the following reasons: (1) Because by virtue of said stipulations the parties might at their discretion render impossible the identification of the secured notes to the prejudice of third persons; (2) because the secured notes might become indefinite; (3) because as regards the interest in case of default no definite amount is fixed as security therefor; and (4) because within the terms thereof a renewal of the mortgage note is contemplated and the parties are attempting to extend to the same the mortgage thus constituted."

Thereupon the bank took the present administrative appeal.

At the outset, it seems advisable to explain that the registrar did not refuse to record the instrument insofar as it concerned the holders and indorsees of the mortgage note. The portion thereof that has been admitted to record favors equally the creditor bank and the successors in interest on the said note.

The real controversy is as to whether or not the instrument should have been recorded with respect to the new obligations that might be derived from that which specifically appears from said instrument.

The appellant strongly relies on the case of *Godreau* v. *Registrar*, 37 P.R.R. 614. The registrar maintains that the only question involved there was one of identification. We think that generally the reasoning in the *Godreau* case should be taken into account; but we also think that the registrar is right in maintaining that the facts there involved are different. Here, no question whatever of identification arises regarding the promissory note, as the same is copied into the deed. The new question that arises is whether the mortgage might be constituted to secure also any other promissory note given to replace the one transcribed by virtue of any *extension, substitution,* or *renewal,* or by reason of any *additional obligation that the same debtor* might contract with the bank, or any holder under such extension, substitution, or renewal.

Section 153 of the Mortgage Law for the Colonial Provinces, enacted in 1893, provided as follows:

"In a mortgage created to guarantee obligations negotiable by means of endorsements or securities to bearer, when the mortgage interest is alienated or assigned, it shall be understood that the latter is transferred together with the obligation or with the deed, it being unnecessary to give notice thereof to the debtor, **or to record the** transfer in the Registry."

This section was amended by Act No. 33 of 1912 of the Legislature of Puerto Rico, so as to read thus:

"In a mortgage created to guarantee obligations negotiable by means of endorsements or securities to bearer, when the mortgage interest is alienated or assigned, it shall be understood that the latter is transferred together with the obligation or with the deed, it being unnecessary to give notice thereof to the debtor, or to record the transfer in the Registry.

"Such obligations may be constituted by the owner of an estate or interest, without specifying the name of the creditor, executing them generically to the order of the person in whose favor the handwritten documents may be transferred or endorsed by the mortgager."

The special feature in the case now under consideration is that the obligations may even be novated and the lien

continued. We fail to see why such an agreement should find no place in the registry. The encumbered property belongs to its owner. The latter borrows a certain sum of money and, to secure the payment thereof, such owner mortgages the property. In order to render the credit negotiable, a promissory note is given transferable by indorsement, and subject to extension or renewal, the security remaining unaffected. There is only one source. The promissory note may undergo changes, but the resulting instrument must always be related to the original note. It is simply an extension of the original obligation, and if the new one is drafted in proper form and with entire clearness, specifying its origin, its connection with the previous one can be fully established. The owner enjoys the right to freely dispose of his property and we fail to see anything illegal in the mode adopted by Mrs. Garced for mortgaging her property in the instant case.

The registrar in his brief calls attention to the fact that specification is one of the basic principles of our present mortgage system, and makes reference to section 144 of the Mortgage Law, which reads as follows:

"Any act or agreement between the parties tending to modify or destroy the force of a prior mortgage obligation, such as payment, set-off, respite, an agreement or promise not to demand novation of the original contract, a compromise or settlement, shall not produce any effect against a third person unless it be made a matter of record in the registry by means of a new entry, a total or partial cancellation, or a marginal note, as the case may be."

Reference is also made to article 181 of the Mortgage Law Regulations, which prescribes:

"In accordance with the provisions of article 144 of the law, when the act or agreement between the parties produces a total or partial novation of the contract recorded, a new record shall be made and the previous record canceled. When it gives rise to the annulment and rescission of the contract, in whole or in part a total or partial cancellation shall be entered; and when the purpose thereof

is to carry out a recorded contract subject to suspensive conditions, or to make the payment of a part of the mortgage debt a matter of record, a marginal note shall be entered."

The registrar is right, but the fact must not be overlooked that what is involved in the case at bar is the construction of section 153 of the Mortgage Law, which deviated somewhat from the principle of specification by permitting the record in favor of persons unknown to the registry. Section 144 of the Mortgage Law and article 181 of the Regulations were drafted by the legislator bearing in mind the basic mortgage system and not the exception to which we have referred.

If owing to the acts of the parties themselves difficulties should arise in the future with respect to the identification, the execution of the debt, or the cancellation of the lien, such parties will suffer the consequences of their own acts. However, as it can not be maintained that their transaction in the present case is contrary to law or to public policy, we shall favor the view that their agreement is recordable.

As to the statements contained in the decision and in the brief by the registrar, regarding the interest in case of default, we really think that the security might have been more specific, but this does not operate to render the obligation void. The omission is supplied by the law itself. Section 114 of the Mortgage Law. *Goico* v. *Rodríguez et al.*, 28 P.R.R. 492.

There is no doubt whatever as to the power of registrars to pass upon instruments before recording them, and as to their duty to look after the propriety, clearness, and validity of contracts when exercising such power. A positive benefit is derived from this not only by third persons but also by the contracting parties themselves. Such power, however, should not be exercised so as to restrict the liberty to contract.

By virtue of the foregoing, the decision of the registrar must be reversed and the record sought ordered.

Mr. Justice Aldrey dissented.